UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MATTHEW RODNEY,

                    Petitioner,

    v.

S. RACETTE, Superintendent of the Upstate
Correctional Facility,

                    Respondent.
------------------------------------------------------------X

**DECISION AND ORDER**
14-CV-522 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**
Before the Court is a *pro se* petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 by Matthew Rodney ("Petitioner"). On November 1, 2007, Petitioner was convicted of one count of Murder in the Second Degree under New York Penal Law § 125.25(1) and one count of Criminal Possession of a Weapon in the Second Degree under New York Penal Law § 265.03(2). Petitioner was sentenced to concurrent terms of imprisonment of twenty-five years to life and fifteen years with five years of post-release supervision. Petitioner seeks federal *habeas* relief on the ground that Petitioner was deprived of his right to a fair trial and due process by the prosecutor's denigration of Petitioner and Petitioner's trial counsel during summation, and by the jury learning Petitioner possessed a gun clip two months after the shooting. For the reasons that follow, Petitioner's *habeas* petition is DENIED.

## BACKGROUND

### The Crimes and the State Court Proceedings

On November 1, 2007, Petitioner was convicted of one count of Murder in the Second Degree and one count of Criminal Possession of a Weapon in the Second Degree. Dkt. 1 ("Petition") at 1; Dkt. 9 ("Response") at ¶¶ 6-7. The unanimous jury found that Petitioner murdered Michael Clarke by fatally shooting him in the head on November 30, 2002 at a night club in Queens County. Response at ¶ 3.

On November 20, 2007, Justice Daniel Lewis of the Supreme Court of New York, Queens County, sentenced Petitioner to a term of imprisonment of twenty-five years to life on the Murder in the Second Degree charge and to a term of imprisonment of fifteen years with five

years of post-release supervision for the Criminal Possession of a Weapon in the Second Degree charge, to run concurrently. *Id.* at ¶ 7.

Petitioner appealed his convictions claiming he had been denied a fair trial because of the cumulative effects of (1) the trial court allowing the prosecutor to portray Petitioner as a threatening figure of whom the prosecution's witnesses were scared; (2) the prosecutor's descriptions of Petitioner and Petitioner's trial counsel during summation; (3) the admission of evidence of Petitioner's possession of a gun clip two months after the murder; and (4) the failure by trial counsel to object to the portrayal of Petitioner as a threat to witnesses. Petition at 2; Response at ¶ 8.

On June 13, 2012, the Second Department of the Appellate Division of the Supreme Court of the State of New York (the "Second Department") affirmed Petitioner's conviction. *People v. Rodney*, 946 N.Y.S. 2d 245 (2d Dep't 2012). The Second Department held Petitioner's contention that the trial court improperly allowed the prosecutor to portray Petitioner as a threat to witnesses was unpreserved under New York Criminal Procedure Law ("NYCPL") § 470.05(2), and was in any event meritless. *Id.* The Second Department agreed the prosecutor's summation comments and the admission of the evidence regarding the gun clip were improper; however, the Second Department held (1) Petitioner's objections to the summation comments were unpreserved under NYCPL § 470.05(2), and (2) the cumulative effect of the improper summation comments and the improper admission of the gun clip evidence was harmless. *Id.* The Second Department found Petitioner's remaining contention, regarding his trial counsel's performance, to be meritless. *Id.*

Petitioner sought leave to appeal the Second Department's decision, which was denied on November 27, 2012. *People v. Rodney*, 981 N.E.2d 292 (2012).

On February 26, 2014, Petitioner, *pro se*, moved the Supreme Court of Queens County to vacate his convictions for ineffective assistance of counsel. Response at ¶ 14. As of July 24, 2014, Petitioner's motion was still pending. *Id.* at ¶ 17.

### The *Habeas* Petition

Petitioner now seeks *habeas* relief on the ground that he was deprived of due process and fair trial by (1) the prosecutor's improper comments on summation; and (2) the improper admission of the gun clip evidence. Petition at 3. Further, Petitioner has asked the Court to hold the instant Petition "in abeyance" until his state remedies, including his collateral attack on his conviction, are exhausted. Dkt. 5 ("Letter"). The Court will address Petitioner's request for a stay below, before considering the grounds for *habeas* relief.

## DISCUSSION

### I. *Habeas Corpus* Standard of Review

This Court's review of Petitioner's petition is governed by The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. The Court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "In order to obtain relief, an individual in custody must demonstrate, *inter alia*, that he has: (1) exhausted his potential state remedies; (2) asserted his claims in his state appeals such that they are not procedurally barred from federal habeas review; and (3) satisfied the deferential standard of review set forth in [AEDPA], if his appeals were decided on the merits." *Edwards v. Superintendent, Southport C.F.*, 991 F. Supp. 2d 348, 365-66 (E.D.N.Y. 2013) (Chen, J.) (citing *Philbert v. Brown*, 11-CV-1805, 2012 WL 4849011, at *5 (E.D.N.Y. Oct. 11, 2012) (Garaufis, J.)).

"[H]abeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) (internal quotation marks and citation omitted). As the statute instructs:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The question is "not whether the state court was incorrect or erroneous in rejecting petitioner's claim, but whether it was objectively unreasonable in doing so." *Ryan v. Miller*, 303 F.3d 231, 245 (2d Cir. 2002) (citing *Sellan v. Kuhlman*, 261 F.3d 303, 315 (2d Cir. 2001)) (internal quotation marks, alterations, and emphases omitted). The petition may be granted only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." *Harrington*, 562 U.S. at 102.

## II. Analysis
### A. Request for Stay

Petitioner first asks for a stay to exhaust his state claims in collateral proceedings. *See* Letter. Petitioner's collateral attack on his conviction in state court is based on Petitioner's claim of ineffective assistance of trial counsel. Dkt. 9-1 ("Briefs") at PDF 89-110. Petitioner's request for federal *habeas* relief, however, is based on the improper summation comments and improper admission of the gun clip evidence, which are not raised in his state court motion to vacate his convictions. *Id.*; Petition at 3. Petitioner's specific ground for *habeas* relief—the effect of the

improper summation comments and the improper admission of the gun clip evidence—has been exhausted in state court. Petition at 3; *Rodney*, 946 N.Y.S. 2d 245; *Rodney*, 981 N.E.2d 292. "Because the petitioner did not raise the ineffective assistance of counsel claim in his instant petition, his petition only contains exhausted claims and is therefore not a mixed petition" eligible for a stay. *Williams v. Sheahan*, 11-CV-2435, 2011 WL 2437496, at *1 (E.D.N.Y. June 15, 2011) (Matsumoto, J.) (internal citation and quotation marks omitted). Furthermore, even if Petitioner had raised the ineffective assistance of trial counsel claim in the instant Petition, the Court could only grant a stay if Petitioner had shown "good cause for [Petitioner's] failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Petitioner has not done so. Accordingly, the Court DENIES Petitioner's request for a stay of the federal *habeas* proceedings.

### B. Errors at Trial

Petitioner argues the prosecutor's improper comments on summation and the improper admission of gun clip evidence deprived him of his right to due process and a fair trial under the Fifth and Sixth Amendments to the Constitution. Petition at 3. The Second Department, while finding the objection to the prosecutor's improper comments unpreserved for appellate review, held in the alternative that the cumulative effect of the improper comments and the improper admission of gun clip evidence was harmless. *Rodney*, 946 N.Y.S. 2d at 245.

For the purposes of federal *habeas* review, a constitutional error is harmless unless it had a "substantial and injurious effect" on the verdict. *Fry v. Piller*, 551 U.S. 112, 121-122 (2007) (internal citation and quotation marks omitted). Here, the Court cannot find the errors at trial had a substantial and injurious effect on the verdict. The objectionable comments by the prosecutor consisted of the prosecutor (1) denigrating defense counsel's argument as "nonsensical" and (2)

asserting a personal belief in Petitioner's guilt by calling Petitioner a "cold-blooded murderer." Briefs at PDF 28-31; Dkt. 9-2 ("Transcripts 1") at PDF 408, 419. The evidence Petitioner challenges as improperly admitted was the testimony by Alan Dubra, the official owner of the nightclub where the murder occurred, that Petitioner owned a gun clip two months after the murder. Briefs at PDF 32-34; Dkt. 9-4 ("Transcripts 3") at 556-558.

To convict Petitioner of Murder in the Second Degree, the prosecution had to prove beyond a reasonable doubt that Petitioner intentionally caused the death of Michael Clarke on November 30, 2002 by shooting Mr. Clarke in the head. *See* N.Y. Penal Law § 125.25(1); Dkt. 9-3 ("Transcripts 2") at PDF 48. To convict Petitioner of Criminal Possession of a Weapon in the Second Degree, the prosecution had to prove beyond a reasonable doubt that Petitioner possessed a loaded firearm with the intent to use it unlawfully against another. *See* N.Y. Penal Law § 265.03(1)(b); Transcripts 2 at PDF 48. The prosecution presented a theory of the case in which Petitioner, the "silent partner" in the night club of which Mr. Dubra was the public face, shot Mr. Clarke, a business manager and booking agent who had booked the night club, over a contract dispute. Transcripts 3 at PDF 211-215. The prosecution further argued Petitioner ordered Mr. Dubra and two night club employees, Sheldon Evans and Cornell Sylvester, to dispose of Mr. Clarke's body and clean up the night club to remove any evidence. *Id.* at PDF 215-216. The prosecution argued Petitioner had ordered his cohorts to store Mr. Clarke's body in the trunk of Mr. Clarke's car which was then left on a deserted street, where Mr. Clarke's family found it a week later. *Id.* at PDF 216-217.

During its case-in-chief, the prosecution presented the testimony of Alan Dubra and Sheldon Evans, who both claimed to be present at Mr. Clarke's murder. Mr. Dubra testified, at great length, that Petitioner (whom Mr. Dubra referred to as "Frank" or "Antonio") was a silent

partner in the nightclub, Petitioner shot Mr. Clarke in the head after becoming angry over a contract dispute, and Petitioner ordered Mr. Dubra and others to clean up the evidence and dispose of Mr. Clarke's body. Transcripts 3 at PDF 504-505, 509-518, 536-552. Mr. Dubra's reference to the gun clip, in contrast, was extremely brief, cut off, and concerned a much less inflammatory sequence of events. *Id.* at 556-558. Further, the trial court allowed into evidence a picture of Mr. Clarke's body showing his face and the effects of the fatal injury to his head. Transcripts 3 at PDF 298.

In light of the other testimony and evidence, the improper admission of the brief gun clip testimony and the prosecutor's improper comments that defense counsel's argument was "nonsensical and Petitioner was a "cold-blooded murderer" cannot be said to have a prejudicial impact resulting in a "substantial and injurious effect on the verdict." *Fry*, 551 U.S. at 121-122 (internal citation and quotation marks omitted). Accordingly, Petitioner's request for *habeas* relief based on trial errors is hereby DENIED.

## CONCLUSION

Petitioner's application for a writ of habeas corpus is DENIED in its entirety. A certificate of appealability shall not issue. *See* 28 U.S.C. § 2253(c). The Clerk of the Court is respectfully directed to serve notice of entry of this Order on all parties and to close the case.

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: October 7, 2015
Brooklyn, New York